UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roem Development Corporation, | No. 2:23-cv-00847-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Gloria Singleton, | |
| Defendant. | |

On May 4, 2023, pro se defendant Gloria Singleton removed this unlawful detainer action from the Solano County Superior Court. Notice of Removal, ECF No. 1. As explained below, the court **remands** the case back to that court.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, defendant relies only on the first basis. *See* Notice of Removal at 2.[1] A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

---

[1] Pagination refers to numbers applied by the CM/ECF system.

1

subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

Under section 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, although defendant invokes federal question jurisdiction, her jurisdictional claim rests on her answer. *See* Notice of Removal at 2. Under the well-pleaded complaint rule, an actual or anticipated defense does not support federal question jurisdiction, *see Vaden*, 556 U.S. at 60, so defendant's answer does not give this court power to hear her case. Because the court does not have jurisdiction, it must remand.

In sum, the court has determined sua sponte that it appears to lack subject matter jurisdiction over this case, so it **remands** to the Solano County Superior Court. *Cf. Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

IT IS SO ORDERED.

DATED: May 9, 2023.

CHIEF UNITED STATES DISTRICT JUDGE